## Colón v. Roig.

### Appeal from the District Court of San Juan.

No. 219.—Decided June 4, 1908.

ARBITRATORS—REPORT OF SAME—PROCEDURE IN ACCORDANCE WITH LAW.—In the case at bar the trial court, pursuant to the provisions of section 205 of the new Code of Civil Procedure, and at the instance of the appellant, appointed arbitrators to carry out the liquidation of the partnership between the parties and determine the amount due each, by virtue of the judgment rendered this court in another action between the same parties. The arbitrators presented a majority report to the district court and, after the parties were heard, and the said report not having been objected to by them, the court accepted the same and rendered judgment in accordance therewith. The appellant now assails the report, alleging that no trial was held and that the parties were not heard. The court held that the procedure followed by the arbitrators was in accordance with the provisions of section 209 of the Code of Civil Procedure, and therefore that the judgment must be affirmed.

The facts are stated in the opinion.

*Mr. Hernández López* for appellant.

*Messrs. Hartzell and Rodríguez Serra* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This case was before this court on a former occasion, or rather we decided a case between the same parties involving the same matters; and, in that case, on the 11th of June, 1903, a judgment was rendered by this court, the dispositive part of which reads as follows:

"We decide that affirming the judgment from which the appeal is taken in the part with which we agree, and reversing the same in so far

as it is in conflict with our views, we should declare, and do declare, that the partnership established between Don José Roig Colomer and Don Jaime Colón was dissolved by mutual consent of the partners; that Don José Roig Colomer is bound to render an account to Don Jaime Colón of all the expenses and profits of the partnership, from the day on which it was begun—that is to say, the 1st of January, 1900, on which date it commenced its operations, till the day on which it was dissolved, the 24th of April of the same year; and the said Don José Roig Colomer must pay to the said Don Jaime Colón one-half of the profits made by the partnership during that time, and we render judgment against the said Don José Roig Colomer for the payment of same; and the winding up to be made must be in accordance with the provisions of article 931 and the following of the Law of Civil Procedure, including in the winding up, legal interest at the rate of 6 per cent per annum, on the sums that were not brought into the partnership by both partners to make up their respective shares, said interest to be computed from the date on which the partnership was established up to its dissolution; and dismissing the motion as to the return of the capital brought by Don Jaime Colón into the partnership and the other profits referred to in the said motion, as to which points we acquit the plaintiff, Don José Roig Colomer, without special imposition of cost in both appeals."

In accordance with this decision, the defendant, Don José Roig Colomer, on the 12th of September, 1906, moved the District Court of San Juan to proceed to the execution of the judgment and prayed that an order of reference should be made and referees appointed in conformity with the provisions of article 205 and following of the new Code of Civil Procedure, which, in the meantime, had superseded the old, article 205 in the present Code having taken the place of article 931 in the former Code. To which motion the opposing party seems to have consented.

This motion was granted, the referees were appointed and they duly made their report, finding that the defendant, Don José Roig Colomer, was indebted to Don Jaime Colón in the sum of 5,592 *pesos* and 46 *centavos,* provincial money, equivalent to $3,355.47 American money.

In approving this report the District Court of San Juan rendered a decision in words and figures as follows, to wit:

"Whereas in a judgment rendered by the Supreme Court of Porto Rico José Roig Colomer was ordered to render an account to Jaime Colón of all the expenses and profits in the partnership which existed between them, from the 1st of January, 1900, to the 24th of April of the same year, and to give him one-half of the profits made during that period, judgment having been rendered against the said Roig Colomer for the payment of said sum, and it being further ordered that the winding up of said partnership should be made in accordance with the provisions of article 931 and following of the law of Civil Procedure, then in force.

"Whereas this court acceded to the request from both parties to determine the amount of the debt by the appointment of referees, in conformity with the new Code of Civil Procedure.

"Whereas the referees appointed to that effect have rendered their report to this court dated in San Juan, on the 20th of last August, and also transmitted a letter dated the same month, advising that the parties had been notified.

"Whereas by the decision arrived at by the majority of the referees José Roig Colomer owes Jaime Colón, on account of the profits accruing to the latter as his share in the partnership of Roig and Colomer, conducting a business concern and works, the amount of 5,592 *pesos* 46 *centavos,* provincial money, equivalent to $3,355.47.

"Whereas by said judgment of the Supreme Court José Roig Colomer is offered to pay to Jaime Colón the amount accruing to the latter after the winding up, of the partnership and as the decision of the majority of the referees should be binding, it therefore follows that Roig Colomer owes Colón the amount arrived at by the majority of the referees.

"Now therefore, the court, acting on the report of the majority of the referees, decides that José Roig Colomer owes Jaime Colón the sum of $3,355.47, as the result of the balancing of the accounts made by the referees and renders judgment for the payment of said sum as well as the fees of said referees at the rate of $5 each per day, for every day which they have given the matter.

"Execution of judgment is ordered by the court for the payment of the amount due."

From this decision and judgment of the district court an appeal was duly taken by the defendant to this Supreme

Court, and the counsel for the appellant, José Roig Colomer, in his brief brings to the consideration of the court the following points of law and fact:

1st. Facts.

(*a*) The hearing which took place before the referees was not conducted in the proper manner.

(*b*) The decision rendered by the referees is not in accordance with the judgment of the Supreme Court, but is in opposition to the provisions of the said judgment.

2d. Law.

(*c*) According to article 209 of the Code of Civil Procedure the decision of the referees should be based on a judgment rendered in conformity with the rules and usual requisites prevailing in all hearings of a judicial nature.

(*d*) According to the provisions of the judgment of the court in this case, the referees are not empowered to wind up the partnership existing between the parties herein, but, on the contrary, the said partnership should be wound up and executed by Roig himself, and accepted or controverted by the opposite party, but never can the partnership be wound up in the manner followed by the referees, on which the district court based the judgment from which this appeal is taken.

(*e*) The district court, therefore, in rendering its judgment in accordance with the decision of the referees, has incurred two violations of the law, committing the errors heretofore stated.

For these reasons, the counsel for the appellant prayed the court to reverse the judgment of the district court and impose the costs upon the appellant.

On examination of the records we cannot find any impropriety or irregularity in the hearing which took place before the referees, nor is any pointed out in the brief. It seems that both parties were heard in the proper manner, and after due consideration, the referees made up their report, finding the amount due by one party to the other; and, in the second

place, the decision of the referees appears to us to be in exact conformity with the judgment rendered by this court on a former appeal, and in accordance with the order of the court below made in pursuance of such judgment.

Passing to the question of law presented, and examining the references made in the brief, we find that the decision of the referees has followed substantially article 209 of the Code of Civil Procedure, and no error has been discovered in the decision made by them. The present Code of Civil Procedure took effect on the 1st day of July, 1904, and the district court in all proceedings taken after said date correctly followed the provisions of the said Code rather than those of the old Spanish Code.

Whether the referees were empowered to wind up the partnership or not, they were directed by the judgment to ascertain the amount due from Roig to Colón, the partnership having been dissolved by the judgment of this court on a former appeal. The referees ascertained the amount due by one of the partners to the other and reported it to the court, which was exactly in accordance with the duties devolving upon them by the appointment which they had received and with the directions which they were required to follow.

The district court, no doubt, duly considered the decision of the referees; and as no objections were made thereto, as provided for in section 211 of the Code of Civil Procedure, nor any dissatisfaction expressed therewith, in any manner, and as all the requisites of the law had been complied with, as far as it appears from the record, the court properly rendered judgment in accordance with the report of the referees, and condemned Roig to pay to Colón the sum of $3,355.47, American money, and all costs of suits, and awarded execution for the collection of the sum. This is exactly what should have been done.

Inasmuch as the ends of justice appear to have been attained in the decision of this case by the trial court, and as

no error is apparent on the face of the record, the judgment of the court below from which this appeal is taken, should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Wolf concurred.

Mr. Justice Figueras did not sit at the hearing in this case.